Harold ROBERTSON, Appellant,

v.

Samantha ROBERTSON, Respondent.

No. WD 67330.

Missouri Court of Appeals,
Western District.

July 24, 2007.

Harold Robertson, Jefferson City, MO, Appellant Acting Pro Se.

Daniel E. Hunt, Jefferson City, MO, for Respondent.

Before THOMAS H. NEWTON, P.J., HAROLD L. LOWENSTEIN, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. Harold Robertson appeals the trial court's modification judgment on the following issues: child custody, child support, tax deduction credit on the children, and attorney fees.

The marriage of Mr. Harold Robertson and Ms. Samantha Robertson was dissolved in 2003. Two children were born of the marriage: Victoria, born April 14, 1992, and Harold Jr., born August 1, 1995. The trial court's dissolution decree awarded the child tax deductions for both of the Robertson children to Mr. Robertson; granted joint legal custody, with Mr. Robertson having primary physical custody;[1]

ordered the Robertsons to split the costs of any medical costs not covered by insurance, and neither parent was required to pay child support.

In 2005 Mr. Robertson filed a motion to modify and a motion for contempt due to Ms. Robertson's failure to pay for daycare and medical expenses not covered by insurance. He also sought recovery for attorney fees and expenses provided for in the original dissolution judgment because Ms. Robertson failed to pay medical and daycare expenses. Ms. Robertson filed a cross-motion to modify, and a hearing was held in 2006. The trial court issued a modification decree sustaining Ms. Robertson's cross motion and Mr. Robertson's motion for contempt, but denied Mr. Robertson's motion to modify. It ordered Ms. Robertson to pay half of the daycare and non-covered medical expenses incurred by Mr. Robertson, granted Ms. Robertson the tax deduction for one of the children, altered the physical custody schedule, denied child support to either parent, and rejected Mr. Robertson's request for attorney fees.

Mr. Robertson timely filed a Motion to Vacate, Reopen, Correct, Amend or Modify Judgment (motion to amend). He claimed that the trial court did not comply with the original dissolution decree when it denied payment of attorney fees to Mr. Robertson. The decree provided that where one "parent incurs attorney fees or expenses because the other parent failed to timely comply [by paying his share of non-covered medical expenses], the defaulting party shall be required to pay the other parent's attorney fees and costs in enforcing this provision."

1. Primary physical custody is not recognized in Missouri. *Loumiet v. Loumiet,* 103 S.W.3d 332, 337–38 (Mo.App. W.D.2003). This designation has been used in the past as an indication that one parent has custody of the children for a longer period than the other parent when the parents have joint custody. *Id.* at 338. The statute defines custody as either joint or sole, there is no such thing as "primary" physical custody. *Id.* at 336

The trial court denied the motion to amend regarding attorney fees. It stated that Mr. Robertson did not submit an itemized listing of attorney fees, and the majority of the fees submitted related to daycare expenses for which no provision of the original decree allows recovery.

Mr. Robertson raises four points on appeal. He argues the trial court erred because: it (1) failed to make statutory findings required by statute, related to modifying child custody; (2) he claims it did not properly considering the evidence to determine whether Mr. Robertson was entitled to child support; (3) it erred in awarding one of the child tax deductions to Ms. Robertson; and (4) it failed to award attorney fees to him.

■ Mr. Robertson first complains that the trial court erred in failing to make statutory findings as required by section 452.375.6.[2] Although the trial court failed to make the required findings, Mr. Robertson did not preserve this issue for appeal. Rule 78.07(c) requires that "allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Mr. Robertson's motion to amend failed to make the necessary allegations of error. This point is denied.

■ Second, Mr. Robertson contends that the trial court erred by not properly considering the evidence to determine whether he satisfied the burden to modify child support. His point is that the court did not adequately consider the information to determine whether a substantial and continuous change in circumstances had occurred, justifying an award of child support. A legal file was provided but no transcript of the proceedings or other evidence was included in Mr. Robertson's submissions. If a matter is complained of but not included in the record on appeal, this court has nothing to review. *In re T.C.T.*, 165 S.W.3d 529, 533 (Mo.App. W.D. 2005). We cannot determine whether the court properly considered the evidence when the evidence is not in the record on appeal. This point is denied.

■ Third, Mr. Robertson argues that the trial court erred in awarding Ms. Robertson the deduction for one of their children for the 2006 tax year, since he had the children for a significant amount of time in the 2006 tax year, and because federal law exclusively governs issues of tax credit. The trial court has great discretion in determining who receives the income tax deduction for children after dissolution. *Simon–Harris v. Harris*, 138 S.W.3d 170, 182 (Mo.App. W.D.2004). Federal law provides that the parent who has a child for the greater part of the year is the custodial parent and is entitled to the deduction. 26 U.S.C. § 152(e)(1) (2000). Here, each parent has the children for approximately fifty percent of the year.

Mr. Robertson's major contention is that he had "primary physical custody" of the children in 2006, so he should receive both deductions. Again, the concept of primary physical custody is not recognized in Missouri, *Harris*, 138 S.W.3d at 178, so his reasoning is incorrect. Furthermore, the trial court has great discretion in determining the recipient of the tax deduction. *Id.* at 182.

■ However, the trial court's judgment was deficient. Assignment of the tax deduction must follow federal law under 26 U.S.C. § 152(e). *Id.* at 183. In order to grant the child tax deduction to the non-custodial parent, the trial court must order the other parent to annually assign the tax deduction to the non-custodial parent. *Id.*

**2.** All statutory references are to RSMo (2000) and the Cumulative Supplement (2006).

Custody in this case is shared equally; 26 U.S.C. § 152(c)(4)(B)(ii) grants the deduction to the person with the highest adjusted gross income where custody is shared equally. Since the trial court has found that each parent should obtain the deduction for one of the children, the trial court must order the parent with the highest adjusted gross income to annually assign one of the deductions to the other.

In his final point, Mr. Robertson argues that the trial court erred when it failed to award him attorney fees because the original dissolution decree stated that the parent who fails to pay non-covered medical expenses shall pay the attorney fees of the other parent. A trial court is given considerable discretion in awarding attorney fees, which will only be overturned for an abuse of discretion. *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 93 (Mo.App. W.D.2006). Again, in the absence of evidence in the record on appeal, we cannot determine whether the court exercised its discretion correctly. This point is denied.

We reverse the portions of the judgment assigning the tax deductions and remand for the trial court to enter judgment requiring the parent with the highest income to annually assign their rights to the child deduction for one of the children. The judgment is affirmed in all other respects.

HAROLD L. LOWENSTEIN, and RONALD R. HOLLIGER, JJ. concur.