**Randee HIGGINBOTHAM, Chris L. Higginbotham, and Barbara Allen, Plaintiffs–Respondents,**

v.

**Penny Dianne HIGGINBOTHAM (now Allen), Defendant–Appellant.**

**No. SD 31087.**

Missouri Court of Appeals, Southern District, Division One.

March 20, 2012.

James R. Sharp, Springfield, for Appellant.

Daniel D. Whitworth, Joplin, for Respondents.

NANCY STEFFEN RAHMEYER, Judge.

■ Randee Higginbotham ("Daughter"), Chris L. Higginbotham ("Father") and Barbara Allen ("Grandmother")[1] brought an action against Penny Diane Higginbotham (now Allen, "Mother") for the Assessment of Delinquent Child Support and Non–Covered Medical, Dental, Optical and Orthodontic Expenses, claiming Mother had failed to pay child support as ordered. Father and Mother's marriage was dissolved in 2001, and Father was ordered to pay child support for the two children born of the marriage. In 2003, Grandmother was awarded primary physical custody[2] of both children and Mother was ordered to pay child support in the amount of $200.00 per month to Grandmother. In 2006, the order was modified again with Grandmother continuing as the residential placement of Daughter and Father being awarded sole custody of the second child. Mother was to pay support in the amount of $100.00 per month to Grandmother for the care of Daughter. Daughter was born in 1986 and was twenty-three years old at the time of trial. There were no further orders concerning child support.

Mother appeared *pro se* and attempted to introduce records from the Division of Child Support Enforcement; however, after an objection for an improper foundation, the records were not admitted. She claimed the records showed that she had, in fact, overpaid child support. The trial court declared that none of the parties had proven the arrearage amount, stating, "Frankly, with what's been presented, there's no way for me to know." Despite that, the trial court ordered Mother to pay to Daughter $4,800.00, which equaled the sum of $100.00 per month from the time Daughter turned eighteen until she reached the age of twenty-one.[3]

■ Mother's first point on appeal has merit; she claims that the trial court erred in entering a judgment in favor of Daughter because Daughter did not have standing to sue for or collect a child support arrearage that was not owed to her. Mother is correct. In 2003, a child support order was entered in favor of Grandmother. Mother was to pay to Grandmother the sum of $200.00 per month as and for support of two children; as of 2006, Mother was to pay Grandmother $100.00 per month for Daughter and to pay Father $100.00 per month for the care of her other child.

■ "A party seeking relief must have a legally cognizable interest in the subject matter and a threatened or actual injury to have standing." *Meyer v. Meyer,* 77 S.W.3d 40, 42 (Mo.App. E.D.2002). Therefore, the party must show she is sufficiently affected by the challenged action to justify the court's consideration of the validity of her action and that the action violates the rights of the attacking party and not of a third party. *Id.* "When a party lacks standing sufficient to main-

---

1. Daughter, Father, and Grandmother will be referred to collectively as Respondents.

2. An award of "primary physical custody" is not a recognizable custodial determination in Missouri. *Hall v. Hall,* 345 S.W.3d 291, 292 n. 1 (Mo.App. S.D.2011).

3. Mother's third point is that the court erred in the determination of $4,800.00 as owing in that there are only thirty-six months between Daughter's eighteenth and twenty-first birthdays, for a total of $3,600.00. Respondents concede the point and ask the court to award $3,600.00. We do not address the point because Mother's first point makes this point moot.

tain the action and, consequently, has no right to relief, the court necessarily does not have jurisdiction of the question presented and may not enter a judgment on the matter." *Id.* at 43.

█ Daughter claims that section 452.340.5[4] provides that child support may be paid directly to a child enrolled in higher education. That is true; however, the statute provides, "[i]f the child is enrolled in such an institution, the child or parent obligated to pay support may petition the court to amend the order to direct the obligated parent to make the payments directly to the child." Section 452.340.5. No such request was made by Daughter or by Mother. Therefore, the previous awarding of child support orders is valid. Grandmother was owed $100.00 per month as child support as long as the remaining provisions of section 452.340.5 were complied with. Section 452.340.5 does not entitle Daughter to direct payment by Mother in the absence of an order allowing such a direct payment.[5]

Generally, the custodial parent or third party awarded custody and denoted for accepting support in the temporary order or final judgment is the injured party with a legally cognizable interest when the non-custodial parent or obligor has failed to pay child support and can, therefore, bring a claim. Daughter did not formally intervene under Rule 52.12 when she had a legal right to do so in the proceeding at bar.[6] Neither Daughter nor Mother requested direct payment to Daughter under section 452.340.5. Accordingly, Daughter does not have a legally cognizable interest in the subject matter of this lawsuit and a threatened or actual injury to have standing. The trial court erred in awarding Daughter a judgment for $4,800.00 for the payment of back due child support after she was emancipated and when she did not have an order directing that child support payments be made directly to her. Point I is granted.[7]

█ Mother's final point is that the trial court erred in awarding attorney fees in

---

4. All references to statutes are to RSMo Cum. Supp.2007, and all rule references are to Missouri Court Rules (2011), unless otherwise specified.

5. Furthermore, Daughter ignores the remainder of the statute in her claim that child support continued beyond her eighteenth birthday. Although there was testimony that Daughter received a degree, there was no testimony that Daughter complied with the remaining provisions of subsection 5, specifically that she provided each parent a transcript or similar official document provided by the institution including the courses, credits, and grades. Moreover, had Daughter requested direct payment, the living arrangements of Daughter would have been relevant. "Child support is to be used to aid the custodial parent to pay the reasonable expenses of a child." *Mason v. Mason*, 873 S.W.2d 631, 637 (Mo.App. E.D.1994). Accordingly, in a case in which a child lives in his/her parent's home, the parent should directly receive at least a portion of the child support. *Id.*

6. See *Kreutzer v. Kreutzer*, 147 S.W.3d 173, 174–79 (Mo.App. S.D.2004) (holding that daughter had standing as an intervenor and reinstating mother's child support obligations to be paid directly to daughter where, after death of father, mother obtained an order terminating her child support obligation to daughter, who was duly enrolled in college, and daughter filed motions (1) to set aside an order terminating her mother's child support obligation, (2) to amend the order to pay support directly to daughter, and (3) for formal intervention in child support proceedings under Rule 52.12).

7. Point II claims trial court error in the denial of the admission of a document purporting to be a printout of child support paid by Mother from the Division of Child Support Enforcement. Because we are reversing the judgment, we do not address Mother's second point. Respondents' objection to the depositing of Exhibits A and B (the purported child support documents), which was filed with this Court and taken with the case, is denied.

favor of "plaintiff's" [8] because there was no evidence of the financial resources of the parties and because it is unclear which plaintiff was awarded attorney fees. This point also has merit. There are two provisions relating to attorney fees in proceedings brought pursuant to sections 452.300 to 452.415. Section 452.355.1 provides, in part:

> Unless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding[.]

■ Mother appeared *pro se,* but that may be the only indication of her financial resources. There was no testimony whatsoever of her financial resources or of any of the plaintiffs' financial resources. When deciding a request for attorney fees, a court is always required to consider the financial resources of both parties. *Alberswerth v. Alberswerth,* 184 S.W.3d 81, 93–94 (Mo.App. W.D.2006). Without evidence of the financial resources of each party, an award of attorney fees cannot be supported. *Id.* "Detailed or extensive information regarding the parties' financial resources is not required; information adduced from testimony as opposed to formal statements filed with the court is sufficient." *Id.* However, the parties must present some form of evidence for the court to use when considering the relevant factors. *Id.* Accordingly, the trial court erred in ordering attorney fees under section 452.355.1.

■ There is another provision in section 452.355 which provides for the payment of attorney fees in an action to collect past due child support. Section 452.355.2 provides, in part:

> In any proceeding in which the failure to pay child support pursuant to a temporary order or final judgment is an issue, if the court finds that the obligor has failed, without good cause, to comply with such order or decree to pay the child support, the court shall order the obligor, if requested and for good cause shown, to pay a reasonable amount for the cost of the suit to the obligee, including reasonable sums for legal services.

The purported obligees in this action included Father, Daughter, and Grandmother, each claiming support was owed to them. *See* section 452.355.3 ("[A]n 'obligee' is a person to whom a duty of support is owed."). We have determined that Daughter was not an obligee under any valid child support order. The problem in this case is that the court found that none of the remaining obligees had made a case that support was due. Therefore, section 452.355.2 does not apply. The trial court erred in awarding attorney fees to plaintiffs.

The judgment awarding child support to Daughter and attorney fees to plaintiffs is reversed and remanded to the trial court to enter judgment accordingly.

BURRELL, P.J., and LYNCH, J., concur.

---

8. We conclude from reading the transcript that the denomination of "plaintiff's" in the singular was a scrivener's error due to the fact that only one attorney was used by all of the plaintiffs and Daughter and Father testified that they shared the cost of the attorney.