**Randee HIGGINBOTHAM, Chris Higginbotham, and Barbara Allen, Plaintiffs–Respondents,**

**v.**

**Penny Dianne HIGGINBOTHAM, Defendant–Appellant.**

**No. SD 31957.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 13, 2012.

James R. Sharp, Springfield, MO, for Appellant.

Daniel D. Whitworth, Joplin, MO, for Respondents.

JEFFREY W. BATES, J.

In May 2009, Randee Higginbotham, Chris Higginbotham and Barbara Allen (hereinafter referred to individually as Daughter, Father and Grandmother, and collectively as Plaintiffs) filed an action to recover delinquent child support, medical expenses and attorney's fees from Penny Higginbotham (hereinafter, Defendant). In September 2010, the trial court entered a judgment against Defendant. She was ordered to pay $4,800 to Daughter for back child support, $403.36 to Daughter for medical expenses and $1,000 to Plaintiffs for their attorney's fees.

Defendant appealed from that judgment in case No. SD31087. On March 20, 2012, this Court issued an opinion in that appeal. *Higginbotham v. Higginbotham,* 362 S.W.3d 34 (Mo.App.2012). Daughter's $4,800 child support award was reversed for lack of standing because there was no order directing the child support payments to be made directly to her. *Id.* at 36–37.[1] Plaintiffs' $1,000 award for attorney's fees was reversed because no evidence was presented concerning the parties' financial resources. *Id.* at 37–38. The cause was "remanded to the trial court to enter judgment accordingly." *Id.* at 38.

■ On March 30, 2012, the trial court entered an amended judgment against Defendant. This occurred before the issuance of this Court's mandate in No. SD31087 on April 5, 2012.[2]

■ Defendant contends the amended judgment is void because it was entered

prior to the issuance of our mandate. We agree. *See In re E.F.B.D.,* 166 S.W.3d 143, 145–46 (Mo.App.2005). The trial court could not act judicially until our mandate issued in No. SD31087. *Id.* Thus, the amended judgment entered on March 30, 2012 is void. *Id.*

In a case in which the trial court exceeded its authority in entering an amended judgment, an appellate court cannot consider the merits of the appeal. *In re Estate of Shaw,* 256 S.W.3d 72, 77 (Mo. banc 2008). Our role is limited to correcting those actions taken by the trial court that exceeded its authority. *Bureaus Inv. Group v. Williams,* 310 S.W.3d 297, 299–300 (Mo.App.2010).

*In re Marriage of Herrman,* 321 S.W.3d 450, 451 (Mo.App.2010). Because the March 30, 2012 judgment is void, it must be vacated. *See id.*

The cause is remanded. The trial court is instructed to: (1) vacate the March 30, 2012 judgment; and (2) enter an amended judgment in conformity with the mandate issued on April 5, 2012 in No. SD31087. *See In re Marriage of Noles,* 343 S.W.3d 2, 9 (Mo.App.2011); *Pope v. Ray,* 298 S.W.3d 53, 57 (Mo.App.2009).

DANIEL E. SCOTT, P.J., and DON E. BURRELL, C.J., concur.

---

1. The judgment in Daughter's favor for medical expenses was not challenged on appeal.

2. We ascertained this date by examining the docket sheet in the legal file and by taking judicial notice of our own case records. *See Hall v. Podleski,* 355 S.W.3d 570, 579 n. 12 (Mo.App.2011); *In re Estate of Voegele,* 838 S.W.2d 444, 446 (Mo.App.1992).