

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| R.S., | ) | No. ED101391 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| v. | ) | of St. Louis County |
| | ) | |
| J.S., | ) | Hon. John R. Essner |
| | ) | |
| Appellant. | ) | FILED:   March 10, 2015 |

## OPINION

J.S. (Mother) appeals the trial court's judgment denying her motion to modify physical and legal custody of the son she shares with R.S. (Father). We affirm in part and reverse and remand in part.

## Background

Mother and Father married in 1999, had a son (Son) in 2002, separated in 2006, and divorced in January 2009. The trial court awarded them joint physical custody of Son, and Father was designated as the residential parent for educational purposes. The custody schedule provided that Mother had custody on alternating weekends and every Wednesday night. Father was awarded sole legal custody. The court's custody determinations were influenced by its concerns about Mother's mental health and history of substance abuse as well as the parties' inability to communicate effectively. Since that time, however, Mother has participated in therapy and maintained sobriety, and the parties have succeeded in communicating and

cooperating as parents. In light of these developments, in late 2012 Mother filed the present motion to modify, seeking joint legal custody and an increase in residential custodial time. In support of her motion, Mother cited the following changed circumstances: Mother had remarried and Son now has two half-siblings; Son was diagnosed with learning disabilities; Mother had reduced her work schedule to accommodate parenting responsibilities; and the parties had achieved a collaborative parenting partnership.

After a three-day hearing during which voluminous evidence was adduced, the trial court denied Mother's motion, reasoning that the foregoing circumstances did not necessitate modification in order to serve Son's best interests. Mother asserts three points on appeal: (1) that the trial court misapplied the modification statute by scrutinizing the *necessity* of modification, (2) that modification of the residential schedule is in Son's best interests, and (3) that, on this record and the court's own findings, Missouri law prescribes joint legal custody.

### Standard of Review

On appeal, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Jansen v. Westrich, 95 S.W.3d 214, 217-18 (Mo. App. 2003), citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Additional principles are set forth below as relevant to the issues.

### Discussion

Section 452.410.1 governs custody modifications and states that the court shall not modify a prior custody decree unless "a change has occurred in the circumstances of the child or his custodian and … modification is necessary to serve the best interests of the child."

2

*Physical Custody (Points I & II)*

For her first point, Mother contends that the trial court misapplied §452.410.1 by requiring that circumstances render modification *necessary* to serve Son's best interests. Mother impugns the court's emphasis on necessity and cites myriad appellate cases omitting the term from the articulated standard and instead requiring only that modification *is* in the child's best interests.[1] Mother argues simultaneously that necessity is too high a standard, as applied by the trial court, but also that it is superfluous, because any modification in the child's best interests is by definition necessary to serve those interests. But this court cannot entertain Mother's exercise in statutory interpretation. Where legislative intent is evident by giving the language employed in the statute its plain and ordinary meaning, we are without authority to read into the statute a contrary intent. Baxley v. Jarred, 91 S.W.3d 192, 196 (Mo. App. W.D. 2002). Only when a statute is ambiguous can this court engage in statutory interpretation. Id. The language of §452.410.1 is not ambiguous. Moreover, even accepting Mother's contention that "necessary" is redundant, her argument still rests on the underlying premise that modification of the residential schedule *is* in Son's best interest (as more directly asserted in her second point), but the trial court did not agree.

On the issue of Son's best interests, though neither Son's therapist nor the guardian *ad litem* objected to a minor adjustment in the residential schedule, they also testified that Son was thriving under the existing parenting plan. The court assigned considerable value to continued stability, with adolescence and high school approaching, and therefore concluded that modification was imprudent. The record supports the court's determination, and consequently

---

[1] See for example, Beshers v. Beshers, 433 S.W.3d 498, 505 (Mo. App. S.D. 2014); Querry v. Querry, 382 S.W.3d 922, 927 (Mo. App. W.D. 2012); Aubuchon v. Hale, 384 S.W.3d 217, 220 (Mo. App. E.D. 2012); Hendry v. Osia, 337 S.W.3d 759, 763 (Mo. App. E.D. 2011); and Hall v. Hall, 345 S.W.3d 291, 295 (Mo. Ap. S.D. 2011).

3

our standard of review defeats Mother's second point. We give great deference to the trial court in determining a child's best interests. Noland-Vance v. Vance, 321 S.W.3d 398, 403 (Mo. App. S.D. 2010) (observing that greater deference is given in custody determinations than in other cases). Our role is to determine whether the record contains sufficient evidence to support the trial court's assessment, accepting all evidence and inferences favorable to the judgment. H.J.I. by J.M.I. v. M.E.C., 961 S.W.2d 108, 115 (Mo. App. W.D. 1998). Where there is conflicting evidence, we defer to the trial court and will affirm the trial court's judgment even if there is evidence to support a different conclusion. In re C.H., 412 S.W.3d 375, 382 (Mo. App. E.D. 2013). We will not reverse the trial court's judgment unless we are left with the firm belief that the trial court was wrong. H.J.I. by J.M.I., 961 S.W.2d at 116. Thus, while the record confirms that Mother is a capable and loving parent, it also precludes reversal by this court.

The trial court did not err or abuse its discretion in denying Mother's motion to modify physical custody. Points I and II are denied.

*Legal Custody (Point III)*

Mother also challenges the trial court's judgment denying modification of Father's sole legal custody. Missouri public policy encourages parents to share decisions affecting the health, education, and welfare of their children. §452.375.4. In furtherance of that policy, courts "shall determine the custody arrangement which will best assure both parents participate in such decisions … so long as it is in the best interests of the child." Id. "To the extent that there is a preference in favor of joint legal custody, it only applies when both parents are willing and able to share the rights and responsibilities related to raising their children." Dunkle v. Dunkle, 158 S.W.3d 823, 839 (Mo. App. E.D. 2005). "There is no preference for joint custody unless, in the given circumstances, it is in the best interests of the child. "[I]n deciding whether joint legal

4

custody is in the children's best interests, two particularly important considerations for the trial court are whether the parents share 'a commonality of beliefs concerning parental decisions' and whether they have the 'ability to function as a parental unit in making those decisions.'" Id. quoting In re Marriage of M.A., 149 S.W.3d 562,569 (Mo. App. E.D. 2004). The trial court's judgment on these questions states as follows:

> The evidence in this modification proceeding clearly established that the ability of the parents to function effectively in making legal custody decisions for the benefit of their child has improved dramatically since the time of the original dissolution hearing. … The law of the State of Missouri prefers joint legal custody as the *best way to ensure that both parents are actively involved* in the upbringing of their child. Since the time of the original judgment, there has been a change of circumstances as to the child in that he can now benefit by his parents ability to communicate effectively so as to being *coequal custodians of his best interests*. The *full participation of both of his parents in making future legal custody decisions* about such issues as his treatment and his future education is *necessary to his well-being*.

(emphasis added) The foregoing language leaves no doubt that the trial court found the parents' joint decision-making capacity necessary to advance Son's best interests. Yet, in the court's subsequent and final statement on the matter, it deviates:

> It is important that the parents not focus on the labels of "joint" or "sole" but that they continue to focus on their shared love for their son despite whatever differences they may have between them.

By dismissing the matter in this fashion, the trial court departs from Missouri law and the court's own findings, subjugates the paramount concern of Son's best interests, and diminishes Mother's standing as an equal parent. Mother's point III is granted.

**Conclusion**

On the question of physical custody, the trial court did not err in its application of §452.410 and did not abuse its discretion in finding that modification was not necessary to serve

5

Son's best interests. The court's judgment denying Mother's motion to modify the residential schedule is affirmed.

On the question of legal custody, however, the trial court's judgment does not comport with Missouri law or the court's own findings as to Son's best interests. Therefore, the trial court's judgment as to legal custody is reversed, and the case is remanded for entry of a judgment consistent with the trial court's findings and this opinion.

_____
CLIFFORD H. AHRENS, Judge

Lawrence E. Mooney, P.J., concurs.
Lisa Van Amburg, J., concurs.