**In re the Marriage of: Charles Edward HERRMAN, Jr. and Brenda Kay Herrman, Charles Edward Herrman, Jr., Petitioner–Respondent,**

**v.**

**Brenda Kay Herrman, Respondent–Appellant,**

**v.**

**Brenda Kay Herrman, Loyde V. Braidlow, Sr., and Lois M. Braidlow, Third–Party Defendants.**

**No. SD 29881.**

raised at the first opportunity in the circuit court, a constitutional claim is waived and cannot be raised [on appeal]").

Missouri Court of Appeals, Southern District, Division Two.

Aug. 18, 2010.

Motion for Rehearing or Transfer Denied Sept. 7, 2010.

Application for Transfer Denied Oct. 26, 2010.

Carla Grace Holste, Jefferson City, MO, for Appellant.

Edward David Hoertel, Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

The trial court entered a judgment dissolving the marriage between Brenda Herrman (Wife) and Charles Herrman (Husband). Wife filed a timely motion to amend the judgment. More than 90 days after the filing of that motion, the trial court entered an amended judgment. Wife then appealed from the amended judgment. Because the trial court had lost the authority to modify the original judgment, the amended judgment was invalid. Because Wife did not timely appeal from the original judgment, we lack the authority to address the merits of Wife's points on appeal. The case is remanded with directions for the trial court to vacate the amended judgment and all other orders entered by the trial court after the original judgment became final for purposes of appeal.

The trial court's original judgment was entered on January 5, 2009. On February 4, 2009, Wife filed a timely motion to amend the judgment and alternative motion for a new trial. On May 14, 2009, the court overruled Wife's motion for new trial and sustained her motion to amend the judgment. That same day, an amended judgment was entered. Wife's notice of appeal from the amended judgment was filed on June 16, 2009.

Although neither party has raised the issue, we have an obligation to determine *sua sponte* whether this Court has the authority to address the merits of Wife's appeal from the amended judgment. *See Carleton Properties, LLC v. Patterson*, 304 S.W.3d 278, 280 (Mo.App.2010). In a case in which the trial court exceeded its authority in entering an amended judgment, an appellate court cannot consider the merits of the appeal. *In re Estate of Shaw*, 256 S.W.3d 72, 77 (Mo. banc 2008). Our role is limited to correcting those actions taken by the trial court that exceeded its authority. *Bureaus Inv. Group v. Williams*, 310 S.W.3d 297, 299–300 (Mo. App.2010).

The first issue we must address is the validity of the amended judgment entered on May 14, 2009. The trial court's original judgment was entered on January 5, 2009. In relevant part, Rule 78.04 states that "[a]ny motion for new trial and any motion to amend the judgment or opinion shall be filed not later than thirty days after the entry of judgment."[1] On February 4, 2009, Wife filed a timely motion to amend the judgment and alternative motion for a new trial. In relevant part, Rule 78.06 states that "[a]ny motion for new trial, motion to amend the judgment or opinion, or motion for judgment notwithstanding the verdict is overruled

---

1. All references to rules are to Missouri Court Rules (2009).

for all purposes if the trial court does not rule on it within ninety days after the date the last such timely motion is filed."[2] The 90–day period for the trial court to rule on Wife's motion to amend and alternative motion for new trial expired on May 5, 2009. Thus, any modifications to the original judgment had to be made by May 5, 2009 because "[t]he court had no authority to extend the 90–day limit for ruling." *Shaw,* 256 S.W.3d at 76. When the 90–day period expired without any ruling by the trial court on Wife's after-trial motions, both motions were automatically deemed overruled by operation of law. Rule 78.06; *James v. James,* 45 S.W.3d 458, 459–60 (Mo.App.2001); *see* Rule 81.05(a)(2)(A); *Maune v. Beste,* 292 S.W.3d 528, 529 (Mo. App.2009). Therefore, the original judgment became final for purposes of appeal on May 5, 2009. Rule 81.05(a)(2)(A); *State v. Reproductive Health Services of Planned Parenthood of St. Louis Region, Inc.,* 97 S.W.3d 54, 60 (Mo.App.2002). Once the January 5, 2009 judgment became final, the trial court lacked the authority to modify it. *Shaw,* 256 S.W.3d at 76. Therefore, the amended judgment and all other orders entered by the trial court after May 5, 2009 are invalid and must be vacated. *Shaw,* 256 S.W.3d at 76–77; *Martin, Malec & Leopold, P.C. v. Denen,* 285 S.W.3d 383, 389 (Mo.App.2009).

The second issue we must address is whether Wife filed a timely notice of appeal from the January 5, 2009 judgment. A notice of appeal must be filed within 10 days after a judgment becomes final. Rule 81.04(a). As noted above, the judgment entered on January 5, 2009 became final on May 5, 2009. To be timely, Wife's notice of appeal had to be filed by May 15, 2009. Rule 81.04(a). Therefore, the notice of appeal she filed on June 16, 2009 was untimely. In the absence of a timely filed notice of appeal, this Court lacks the authority to address the merits of Wife's appeal.[3] *In Estate of Straszynski,* 265 S.W.3d 394, 396 (Mo.App.2008).

The January 5, 2009 judgment is the final judgment in this case. The cause is remanded with directions to the trial court to vacate the amended judgment and all other orders entered after May 5, 2009. *Shaw,* 256 S.W.3d at 76–77; *Martin,* 285 S.W.3d at 389.[4]

SCOTT, C.J., and FRANCIS, J., Concur.

2. Husband did not file a motion to amend the judgment or a motion for new trial.

3. On November 25, 2009, Wife filed a motion requesting a special order from this Court permitting Wife to file a late notice of appeal from the judgment entered on January 5, 2009. *See* Rule 81.07(a). Wife's motion was denied because it was not "filed within six months from the date the judgment appealed from became final for purposes of appeal...." *Id.* Initially, this Court dismissed Wife's appeal as untimely because the amended judgment had been entered after the trial court lost the authority to modify the judgment and because Wife's notice of appeal was not timely filed with respect to the final judgment entered on January 5, 2009. For the reasons explained in *Shaw,* however, the proper disposition of this appeal required us to remand the cause with directions that the amended judgment and other orders entered after May 5, 2009 be vacated. *Shaw,* 256 S.W.3d at 76–77. Accordingly, we set aside the order of dismissal and restored the case to the active docket. We did not set aside the ruling on Wife's request for leave to file a late notice of appeal.

4. Wife's motion for attorney's fees and costs on appeal, which was taken with the case, is denied.