In re The MARRIAGE OF: Leslie A. NOLES and Tevis A. Noles.

Leslie A. Noles, Petitioner–Appellant,

v.

Tevis A. Noles, Respondent–Respondent.

No. SD 30662.

Missouri Court of Appeals, Southern District, Division One.

June 2, 2011.

C.H. Parsons, Jr., Dexter, MO, for Appellant.

Tevis Noles, Harviell, MO, Respondent acting pro se.

DON E. BURRELL, Judge.

Leslie A. Noles ("Mother") is attempting to appeal from an "Amended Judgment and Decree of Dissolution of Marriage" entered by the trial court after it lost jurisdiction over the case. Because none of the provisions about which Mother now complains were contained in the trial court's only valid judgment—its initial "Judgment and Decree of Dissolution of Marriage" ("judgment" or "original judgment")—we order the trial court to vacate its invalid amended judgment, reinstate its original judgment, and we dismiss Mother's appeal for lack of a justiciable controversy.

### Facts and Procedural Background

Mother filed her verified petition for dissolution of marriage on November 6, 2008. The cause was tried on January 15, 2010.[1] Both parties testified about their past and current incomes and various extraordinary expenses related to their children. At trial, Father's counsel offered a

---

1. To the parties' credit, they were able to reach an agreement on many issues relating to the custody of their children and the division of their property and debt.

Form 14[2] reflecting his calculation of the presumed child support amount, but he requested leave to amend it because it failed to include an adjustment in his favor based on $531 Father paid monthly for the support of another child. The trial court stated, "That's fine. Go ahead."

Father filed his revised Form 14 on January 21, 2010. Both his original and revised Form 14 calculations used a monthly gross income figure for Father of $7,688. Before the trial ended, Mother was also granted leave to submit a revised Form 14 based upon the evidence adduced at trial.

On January 29th, before entering any judgment in the case, the trial court prepared a six-page document entitled "Docket Memorandum" and forwarded it to the parties' attorneys. This memorandum summarized the evidence adduced at trial, discussed the parties' Form 14 calculations, explained why the trial court had rejected them and how it had calculated its own Form 14, explained its anticipated decision, and directed Mother's counsel to prepare a proposed written judgment for the trial court's review.

On February 9th, after the trial court had mailed out its docket memorandum and Form 14 but before it had entered any judgment in the case, Father filed a "Motion for Reconsideration and/or for New Trial" ("Father's motion"). Father's motion referenced Rule 78.01 and attached yet another Form 14 prepared by Father ("the modified Form 14").[3] The modified Form 14 adopted the figures the trial court had used for health insurance and overnight visitation but used a lower gross monthly income figure for Father.

On February 17th, Mother filed her proposed judgment. At the trial court's request, Father also provided the trial court with a proposed judgment.

On February 19th, the trial court entered its judgment. The judgment ordered Father to pay $778 per month in child support and ordered the parties to contribute toward the children's extraordinary expenses according to their income percentages as calculated on the trial court's Form 14—38% payable by Mother and 62% by Father.

On May 5th, the trial court held a hearing on Father's motion. No evidence was presented at the hearing. Father simply asked the trial court to recalculate its child support award using Father's lower "2010 income" of $4,615 per month as set forth in the modified Form 14 he had attached to his motion. Mother noted that she had not been provided with any 2010 income figures for Father and that no evidence of his 2010 income had been adduced at trial.[4] The trial court then took Father's motion under advisement.

The following day, May 6th, the trial court made the following docket entry and sent it out with a letter to the parties' counsel:

**Motion Granted/Sustained**

Motion for New Trial reconsidered and granted. Judgment and parenting plan to be amended in accordance with letter

---

**2.** Civil Procedure Form No. 14, used to comply with the provisions of Rule 88.01. Unless otherwise indicated, all rule references are to Missouri Court Rules (2010).

**3.** The amended judgment describes Father's third Form 14 as his "modified" form, and we adopt that nomenclature for purposes of consistency.

**4.** Father did testify at trial that he had changed his employment position during 2009 to become a "co-manager" of a retail "supercenter" and was earning approximately $4,600 per month at the time of the case was tried in January 2010.

to each counsel this date filed and sent. Amended judgment to be filed by counsel for Respondent. So ordered. [judge's initials]

**Correspondence Sent**

Letter to both counsel regarding amended judgment mailed on this date.

**Filed By:** [judge's name]

The letter stated:

[Father]'s Motion for Reconsideration/New Trial is granted and this court's judgment and parenting plan of February 19, 2010 is amended to reduce [Father]'s monthly child support to $422.00 effective June 1, 2009. [Father]'s modified Form 14 is adopted for this calculation. All expenses for medical, dental, optical and extraordinary (private schooling, gymnastics, etc.) care are to be shared equally by the parties. In all other respects the original judgment is to remain in effect including the provision requiring [Father] to assume and pay the Chevrolet Trailblazer obligation.

I would ask counsel for Respondent to prepare a formal written amended judgment and parenting plan in accordance with these findings. Thank you.

On May 10th, Father's attorney filed a proposed amended judgment that incorporated the changes mentioned in the trial court's letter. This was quickly followed by a letter from Mother's attorney objecting to the proposed amended judgment on the ground that, among other things, no new trial had been held and no new evidence had been submitted. Mother attached her own proposed amended judgment and parenting plan that retained the trial court's original child support amount of $778 from Father and its original division of extraordinary expenses.

On May 21, 2010—ninety-one days after the trial court entered its judgment—the trial court entered the amended judgment Mother now challenges on appeal. The amended judgment lowered Father's child support from $788 to $422 per month. It also changed the parties' responsibility for extraordinary expenses from a percentage split of 62% from Father and 38% from Mother to an order that the parties "be equally responsible for payment of private school and gymnastics for [the children]." When the trial court sent the parties a copy of its amended judgment, it included a letter that began as follows:

Again, various judgments have been submitted which I cannot reconcile. Please note, Rule 78.01 allows a court on a properly filed request for new trial to take additional evidence, make new findings and enter a new judgment. As I read the Rule, it does not require a new hearing and all issues may be considered at the hearing on the motion itself. That is what occurred on May 6, 2010.

### Analysis

Mother's points on appeal assert the trial court erred as a matter of law by: 1) "amending the original child support award because a new trial was not held and additional testimony was not taken at the motion hearing"; and 2) amending the division of extraordinary expenses because Father failed to seek any such relief in his motion, it "was specifically denied by [Father]'s counsel at the motion hearing, a new trial was not held, and no 'additional testimony' was adduced following trial on this issue." [5]

---

5. Father did not file a brief in this case. Although no such brief is required (a respondent having no obligation to establish the correctness of the judgment), "such a practice certainly is not to be encouraged[.]" *Lakin v. Postal Life & Cas. Ins. Co.,* 316 S.W.2d 542, 549 (Mo. banc 1958).

■ Although Mother has not raised the matter in her appeal, we must first determine, *sua sponte*, whether we have jurisdiction to review her claims of error on their merits. *Cramer v. Carver*, 125 S.W.3d 373, 375 (Mo.App. W.D.2004); *Caldwell v. Heritage House Realty, Inc.*, 32 S.W.3d 773, 777 (Mo.App. W.D.2000); *Sumnicht v. Sackman*, 968 S.W.2d 171, 174 (Mo.App. W.D.1998). "[A] judgment entered beyond the jurisdiction of the trial court is void, and an appellate court has no jurisdiction to review on the merits." *Cramer*, 125 S.W.3d at 375. To that end, we must initially determine whether the trial court had the necessary authority on May 21st to enter its amended judgment.

Rule 75.01 provides that a trial court retains control over its judgment during the thirty-day period after it is entered "and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." *See also Carter v. Carter*, 901 S.W.2d 906, 911 (Mo. App. E.D.1995).

■ Beyond the thirty-day opportunity permitted under Rule 75.01, a trial court's authority to amend its judgment is more limited and depends upon action taken by one or more of the parties.

If a timely motion for new trial or motion to amend the judgment is filed,[6] . . . Rule 81.05(a)(2)(A) permits the trial court up to ninety days from the date the motion was filed to rule on the motion, after which the motion is deemed denied [under Rule 78.06]. If an authorized after-trial motion is filed, the judgment is deemed final for purposes of appeal on the day the motion is denied or deemed denied. Rule 81.05(a)(2)(A) and (B). The combined effect of these

[r]ules is to afford the trial court the authority to modify its judgment for any reason for good cause within thirty days of its entry, and the authority between the thirty-first and ninetieth day following entry of a judgment to modify its judgment to remediate a matter raised by a party in an authorized after-trial motion.

*State ex. rel Missouri Parks Ass'n v. Missouri Dept. of [Nat.] Res.*, 316 S.W.3d 375, 382 (Mo.App. W.D.2010) (citing *Massman Constr. Co. v. Highway & Transp. Comm'n*, 914 S.W.2d 801, 802 (Mo. banc 1996)).

Rule 81.05(a)(2) uses the term "ruled" in setting out that a judgment becomes final for purposes of appeal upon the earlier of the following two occurrences:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

*See also In re Smythe*, 254 S.W.3d 895, 898 (Mo.App. S.D.2008); *Basham v. Williams*, 239 S.W.3d 717, 722 (Mo.App. S.D.2007).

Applying these rules presents no difficulty when the after-trial motion is either explicitly denied by the trial court or is denied by operation of law when the trial court makes no ruling within ninety days of its filing. The application is less clear when the question is whether an explicit announcement by the trial court that it is *granting* the motion is sufficient—without the actual entry of an amended judgment—to prevent the motion from being denied by operation of law under Rule 78.06 at the expiration of the ninetieth day following the filing of the motion.

---

6. "Any motion for new trial and any motion to amend the judgment . . . shall be filed not later than thirty days after the entry of judg-

ment." Rule 78.04. *See also In re Marriage of Herrman*, 321 S.W.3d 450, 451 (Mo.App. S.D.2010).

In *In re Marriage of Herrman*, 321 S.W.3d 450 (Mo.App. S.D.2010), the divorcing wife filed an after-trial motion asking the trial court to amend its dissolution judgment. *Id.* at 451. More than ninety days after wife had filed her motion, the trial court entered an amended judgment. *Id.* Wife then attempted to appeal certain portions of the amended judgment. *Id.* In determining that we lacked the necessary authority to address wife's claims of error, we stated that "any modifications to the original judgment had to be made by May 5, 2009 [the date the time to rule after-trial motions had expired] because '[t]he court had no authority to extend the 90–day limit for ruling.'" *Id.* at 452 (quoting *In re Estate of Shaw*, 256 S.W.3d 72, 76 (Mo. banc 2008)).

*Herrman* stands for the proposition that the trial court's authority does not extend past the ninety days afforded by Rules 78.06 and 81.05, but it did not directly address the question before us today because the trial court there gave no indication of its intention to grant wife's motion to amend the judgment until it "sustained her motion to amend the judgment" and entered that amended judgment on the ninety-ninth day after the motion was filed—nine days too late. 321 S.W.3d at 451-52. Here, the original judgment was entered on February 19, 2010. Father's

motion, prematurely filed on February 9, 2010, is treated as having been filed on the same date as the original judgment—February 19, 2010.[7] For purposes of considering the trial court's authority to act on Father's motion, we treat it as both a motion for new trial, and alternatively, as a motion to amend the original judgment.[8] Father's timely filing of his authorized after-trial motion extended the trial court's authority to modify its judgment (within the bounds of the matters raised in Father's motion) until May 20, 2010, but no further. *See id.*, at 452; *Smythe*, 254 S.W.3d at 898; *Basham*, 239 S.W.3d at 722.

At first glance, and interpreting the term "rule on" in the sense of "announcing a decision," it would seem reasonable to hold that the trial court "rule[d] on" Father's motion for purposes of Rule 78.06 on May 6, 2010, when it created a docket entry that "Granted/Sustained" Father's motion. Further, the trial court's letter of the same date began with the statement: "[Father]'s Motion for Reconsideration/New Trial is granted and this court's judgment and parenting plan of February 19, 2010 *is amended* to reduce [Father]'s monthly child support to $422.00 effective June 1, 2009." (Emphasis added).

In *Carson v. Brands*, 7 S.W.3d 576 (Mo. App. S.D.1999), a docket entry stating, "The [trial] [c]ourt, being fully advised,

---

7. Rule 78.04 was amended effective January 1, 2010 to provide that "If the motion [for new trial or to amend the judgment] is filed prematurely, the motion shall be considered as filed immediately after the time the judgment is finally entered." Father's motion was thereby deemed to be filed on February 19, 2010.

8. While not using the word "amend," Father's motion alternatively sought "a reconsideration of the evidence presented and to direct the entry of a new judgment[.]" As Mother points out, technically speaking, a motion for reconsideration has no legal effect

and has been treated as a motion for new trial, citing *Hinton v. Proctor & Schwartz, Inc.*, 99 S.W.3d 454, 459 (Mo.App. E.D.2003) (where in the context of default judgment, the court noted that a motion for reconsideration had been treated as a motion for new trial in a previous case). "However, in evaluating whether a pleading is an authorized after-trial motion, we do not concern ourselves with the title of the pleading or with a party's citation to a particular Rule, but we look instead to the substance of the pleading." *Missouri Parks Ass'n*, 316 S.W.3d at 382.

does hereby re-open this case for the sole purpose of receiving evidence as to the validity and legal effect, if any, of the [newly discovered agreement] presented to the [trial] [c]ourt" was made before the ninety-day period under Rule 78.06 had expired, but the amended judgment that followed was entered after the ninety days had passed. *Id.* at 577–79. The respondents argued that the docket entry "rule[d] on" their alternative motions for new trial or to amend the judgment. *Id.* at 579. On review, we observed that the docket entry did not specifically rule on either motion filed by respondents, and both a subsequent docket entry and the amended judgment indicated that the motion to amend was not actually considered until after the first docket entry had been made. *Id.* at 579–80. We found that the trial court did not intend its first docket entry to constitute a ruling on the after-trial motions and the eventual entry of the amended judgment over six months later came too late. *Id.* at 580.

In *Basham*, 239 S.W.3d at 721, a motion for new trial was timely filed 20 days after the original judgment was entered. Eighty-nine days after the motion was filed, the trial court made the following docket entry: "Cause taken under advisement for amended judgment. Judge [ ] took case file with him. Judgment to be entered." *Id.* The referenced amended judgment was then entered one hundred ten days after the motion was filed. *Id.* On review, we found that "[t]he docket entry [ ] did not extend the time for the court to rule on the after-trial motion, nor was it a denial of the after-trial motion." *Id.* at 722. As a result, the amended judgment entered after that ninetieth day was a nullity. *Id.*

■ While the language in the trial court's docket entry and accompanying letter in the instant case goes further than the docket entries in *Carson* and *Basham* by specifically stating that the trial court had reached a final decision and announcing provisions it intended to include in its amended judgment, we first note that they did not constitute a judgment. Although the letter used the present tense by stating that the original judgment "is amended" and indicated a new child support amount and division of extraordinary expenses, it also specifically instructed Father's counsel to "prepare a formal written amended judgment and parenting plan in accordance with these findings."[9] As a result, the letter and docket entry simply provided notice that the trial court intended to amend the judgment at some future date.

If these May 6th writings did "rule on" Father's motion for purposes of Rule 78.06, that ruling was nothing more than an interlocutory order.

---

9. A judgment must be denominated as either a "judgment" or "decree." Rule 74.01(a). "Depending upon the text, mere use of the word 'judgment' in the body of the writing or docket entry may not suffice." *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). And while a docket entry, or other writing signed by the trial court may qualify as a judgment if it otherwise complies with the provisions of Rule 74.01,

> if the trial court indicates in a docket sheet entry regarding an after-trial motion that *the entry is not the final word on the subject but that a further order is contemplated, then the docket sheet entry is not the final disposi-*

*tion of the motion for new trial.* To hold otherwise would nullify the effect of any further order although the trial court requested it and perhaps deemed it necessary to clarify or more fully express the ruling or, as required by Rule 78.03, to "specify of record the ground or grounds on which said new trial is granted."

*State ex rel. McDaniel v. Pinnell*, 741 S.W.2d 852, 855 (Mo.App. S.D.1987) (emphasis added). Here, both the trial court's docket entry and letter explicitly indicated that they were *not* the final word because they each stated that a new judgment was to follow.

[T]o be final and appealable, [an order] must contain all of the essentials of a judgment. If an order dismisses the proceedings or finally disposes of the cause, it is a final order. 4 C.J.S. Appeal & Errors 94, p. 256. But, an order or judgment which does not dispose of all the issues and parties involved in the action is not final for purpose of appeal. *Kidd v. Katz Drug Co.*, Mo.App. [K.C.D. 1951], 244 S.W.2d 605. Such an order is said to be an interlocutory order and not a final order or judgment.

*State ex rel. & to Use of Fletcher v. New Amsterdam Cas. Co.*, 430 S.W.2d 642, 645 (Mo.App.St.L.D.1968). In addition, unlike an order that grants a new trial (and thereby vacates the original judgment), an order that grants a motion to amend the judgment is not listed as an event from which an appeal is granted by statute. *See* section 512.020(1)–(5), RSMo Cum. Supp.2006.

 We continue to believe that the entry of an interlocutory order is insufficient to "rule on" a motion to amend the judgment for purposes of Rule 78.06 and that the only way to properly reconcile the meaning of "rule on" as set forth in rules 78.06 and 81.05(a)(2)(B) is to hold, consistent with the reasoning expressed in our prior cases, that a motion to amend the judgment is "rule[d] on" when, within ninety days of its filing: (1) the motion is explicitly denied; (2) the trial court takes no action on it; or (3) an amended judgment is actually executed and filed. Here, the first two alternatives are not applicable and the trial court did not enter its amended judgment until the ninety-first day following the filing of Father's motion. Father's motion was therefore deemed overruled on May 20th (the ninetieth day) by operation of law under Rule 78.06. "If an after-trial motion is overruled by operation of law, then the original judgment is final, valid, and enforceable." *Carson*, 7 S.W.3d at 579.

 The trial court's amended judgment, entered May 21, 2010—one day too late—was a nullity and must be vacated. *See Herrman*, 321 S.W.3d at 452; *Missouri Parks Ass'n*, 316 S.W.3d at 390. As none of the provisions about which Mother now complains on appeal were contained in the trial court's original February 19th judgment—the only valid judgment in the case—there is no justiciable controversy before us, and we dismiss Mother's appeal for that reason. We do, however, remand the cause to the trial court which is directed to vacate its amended judgment and reinstate its original judgment. *See Evans v. Director of Revenue, State of Mo.*, 119 S.W.3d 671, 674 (Mo.App. S.D.2003) (case remanded for reinstatement of an original judgment after the trial court improperly amended the judgment by a *nunc pro tunc* order).

BARNEY, P.J., and LYNCH, J., Concur.