

# Missouri Court of Appeals

## Southern District

### Division Two

ELLEN A. WISS and O. ELIZABETH
CORBETT,

    Plaintiffs-Respondents,

vs.

GENE W. SPITZMILLER,

    Defendant/Trustee/Beneficiary-
    Appellant,

and

SHARON E. GUNN,

    Defendant/Trustee/Beneficiary-
    Respondent,

and

LINDA J. BRIDGER,

    Defendant/Beneficiary-
    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. SD32758

**Filed: March 13, 2014**

APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable T. Lynn Brown, Associate Circuit Judge

**REMANDED WITH DIRECTIONS**

Gene W. Spitzmiller ("Appellant") appeals the "Amended Judgment" that removed him and Sharon E. Gunn (collectively, "Trustees") as trustees of the Norman L. Spitzmiller and Betty Jo Spitzmiller Revocable Trust ("the Trust").[1]

In three points relied on, Appellant claims: 1) the trial court lacked "subject matter jurisdiction" to enter the Amended Judgment "after the time for modification [of the original judgment] had elapsed"; 2) Plaintiffs failed to state a claim for the removal of Trustees; and 3) there was no substantial evidence supporting the Amended Judgment.

Because the Amended Judgment was entered after the expiration of the time period during which the trial court retained the ability to amend its original judgment, we remand the matter and direct the trial court to vacate the Amended Judgment.

## Facts and Procedural Background

On August 29, 2011, Ellen A. Wiss and O. Elizabeth Corbett ("Plaintiffs") filed a "Petition for Removal of Trustee" which alleged that Plaintiffs had

> repeatedly requested of [Trustees] a report of the trust property, liabilities, receipts, disbursements, inclusive of the source and amount of [Trustees'] compensation, a listing of trust assets, [and] respective market values (hereinafter generally referred to as "Accounting") and other than supplying copies of trust documents, several bank statements and miscellaneous email, [Trustees] have failed and continue to fail to provide same.

Plaintiffs specifically averred that they had "objected to the failure to conclude the Home Sale" involving "a residential home owned by the [Trust]" and that the Trust had loaned Ms. Bridger and her husband $260,000 secured by a promissory note ("the Bridger Note") without providing an accounting for it.

---

[1] Ms. Gunn did not file a brief. Linda J. Bridger, another trust beneficiary named as a defendant in the suit "solely for the purposes [sic] to give her notice of this proceeding[,]" also did not file a brief.

2

The petition claimed that Trustees had violated specific Missouri statutes governing the administration of trusts and asked

> that the court remove [Trustees] pursuant to Section 456.10-1001[.2](7)[;] that the court appoint a special fiduciary to take possession of the trust property and administer the trust pursuant to Section 456.10-1001[.2](5); to [sic] perform the duties of trustee pursuant to Section 456.10-1001[.2](1); to provide the Accounting pursuant to Section 456.10-1001[.2](4); to award Plaintiffs their attorneys fees pursuant to Section 456.10-1004 and for such other and further relief as to the court deems mete and proper in the circumstances.[2]

In August 2012, the trial court granted a motion for continuance filed by Trustees on "the condition that all parties enter into mediation[.]" On August 23, 2012, the parties entered into a written settlement agreement ("Settlement") which stated that it "cover[ed] all issues pending in the current litigation[,]" and the trial court scheduled a September 19th hearing for a potential approval of Settlement.

Prior to that hearing date, Plaintiffs filed a "Motion Objecting to Settlement or in the Alternative to Set Same Aside" based on alleged deficiencies in an accounting Trustees had provided. The trial court held a hearing on the motion and the reasonableness of Settlement on September 13th. During the hearing, Plaintiffs' counsel argued that it "was a fair settlement" but he did not "feel like it's going to ever be complied with." Plaintiffs' counsel requested that if the trial court was "inclined to . . . approve [Settlement[,]" then Plaintiffs' September 2012 motion should "be considered a motion to enforce" and that the order to enforce should have "teeth in it[.]" Plaintiffs' counsel argued that the mediator, Judge John Ringer ("Mediator"), should "stay involved in it to settle out the small issues that may come up subject to a party bringing [the trial court] back into it[.]" Trustees' counsel stated that she did not "object to that."

---

[2] All statutory references are to RSMo Cum. Supp. 2012. All rule references are to Missouri Court Rules (2013).

The trial court denied Plaintiffs' motion to set aside Settlement, found Settlement reasonable, and approved it. As requested, the trial court then treated Plaintiffs' "objection to [Settlement] as a motion to enforce the terms of [Settlement]" and stated that the "details of [Settlement] need to be enforced . . . . with teeth, obviously."

That same date, September 13, 2012, the trial court entered a judgment ("the original judgment") that incorporated Settlement by reference. Settlement required the parties to perform certain acts, including that Appellant, "no later than August 31, 2012 provide all parties with accounting spreadsheets, commencing on date of April 15, 2010, to current date."

Additional Settlement provisions relevant to this appeal provided:

3.    Trust will make final distribution, less a reserve for accounting fee for final Trust tax return, no later than 15 days after completion and delivery of appraisals of residence and office building.

4.    Form LLC,[3] deliver trust assets to LLC and house will be sold. [Plaintiffs' counsel] has agreed to prepare the LLC.

. . . .

8.    [Mediator] is designated as the individual who will break any deadlocks that may arise within the LLC in carrying out the terms of [Settlement]. He will serve as such until the residence is sold and the final amount of the Bridger Note is established.

. . . .

11.    [Settlement] constitutes full and final settlement of the pending lawsuit. [Settlement] will be presented to [the trial court] on September 13, 2012 with request that [it] enter Judgment on [Settlement]."

---

[3] We presume this to be an abbreviation for "Limited Liability Company" and will use the same abbreviation in this opinion.

The original judgment, as provided in Settlement, did not remove Trustees. No appeal was taken from the original judgment.

On October 2nd, the trial court entered a written "Order Sustaining Plaintiffs' Motion to Enforce Settlement" ("the enforcement order") which stated, "The court having denied Plaintiffs' motion objection to [S]ettlement or in the alternative to set same aside instead takes said motion as a motion to enforce [S]ettlement and upon hearing argument of counsel does sustain Plaintiffs' motion to enforce [S]ettlement." The record does not indicate that the enforcement order was entered in response to any post-judgment motion, it was not denominated as a judgment, and it did not purport to modify any portion of the original judgment.

The enforcement order directed Trustees to provide "an interim accounting capable of being reconciled to a beginning inventory and ending inventory, and to further answer and respond to the questions of counsel of Plaintiffs, in a timely manner." It appointed Mediator "to assist the parties in resolving any details in implementing [Settlement]. Provided[,] however, any party may, upon proper motion made to this court, bring any issue to this court that cannot be so resolved. The court holds in abeyance any question of sanctions pending further order of this court."

On March 4, 2013 -- more than 5 months after the entry of the original judgment -- Plaintiffs filed a "Motion to Enforce Settlement and for Sanctions" that accused Trustees of failing to cooperate with Mediator. It also asked the trial court to remove Trustees as a sanction for their failure to cooperate with Mediator.

On May 21, 2013 -- more than 8 months after the entry of the original judgment -- the trial court entered an "Order" granting Plaintiffs' motion. The order purported to remove

Trustees and appoint successor trustees in their place. Upon motion by Appellant, the trial court denominated the order as a "judgment" on July 22, 2013 ("the Amended Judgment"). This appeal timely followed.

**Applicable Principles of Review and Governing Law**

A court of equity has inherent power to remove a trustee in the appropriate case. *Covey v. Pierce*, 82 S.W.2d 592, 600 (Mo. App. K.C.D. 1935). An action in equity is reviewed "just as any court-tried case[.]" *Supermarket Merch. & Supply, Inc. v. Marschuetz*, 196 S.W.3d 581, 585 (Mo. App. E.D. 2006) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). "That is, we must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.*

"The trial court's authority to enter amended judgments is a question of law which we review *de novo*." *State ex rel. Mo. Parks Ass'n v. Mo. Dep't of Nat. Res.*, 316 S.W.3d 375, 381 (Mo. App. W.D. 2010).

> An appellate court must determine in every case whether it has the authority to address the merits of an appeal. *See In re Marriage of Herrman*, 321 S.W.3d 450, 451 (Mo.App.2010); *Carleton Properties, LLC v. Patterson*, 304 S.W.3d 278, 280 (Mo.App.2010). We cannot address the merits of an appeal if the underlying judgment was entered without authority. *Herrman*, 321 S.W.3d at 451. Our role is limited to correcting the actions taken by the trial court in excess of its authority.

*Hart v. Impey*, 382 S.W.3d 918, 921 (Mo. App. S.D. 2012). The parties cannot waive, or confer by agreement, authority to the trial court to consider a motion outside its jurisdiction. *SD Invs., Inc. v. Michael–Paul, L.L.C.*, 157 S.W.3d 782, 785 (Mo. App. W.D. 2005).

6

**Analysis**

Appellant's first point is a bit difficult to comprehend,[4] but it does assert that the Amended Judgment "was entered after the time for modification had elapsed."[5] As a result, we interpret it to claim that the trial court therefore lacked jurisdiction to enter the Amended Judgment. Plaintiffs argue that the original judgment "was not a final judgment" such that "Rule 74.01 was inapplicable and the trial court did not surrender jurisdiction after the passage of thirty days without a post trial motion." For the reasons that follow, we agree with Appellant and cannot address the merits, if any, of his other claims.

"A final appealable judgment is 'a writing signed by the judge and denominated "judgment"' or "decree,"' Rule 74.01(a), that 'resolves all issues in a case, leaving nothing for future determination.'" *Basta v. Kansas City Power & Light Co.*, 410 S.W.3d 743, 746 (Mo. App. W.D. 2013) (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)). "A trust is not subject to continuing judicial supervision unless ordered by the court." Section 456.2-201.2.

---

[4] Point I reads, *verbatim*:

> The trial Court erred in granting an order denominated enforcement to remove [Trustees] on Plaintiff's motion for enforcement and sanctions filed March 4, 2013, under a final Judgment entered on September 13, 2012, on a mediated written settlement agreement for that Judgment on an underlying petition by Plaintiffs to remove [Trustees] that did not remove [Trustees], because the Court lacked subject matter jurisdiction in that the Judgment of September 13, 2012, which by the settlement agreement incorporated, was a full and final settlement of the pending lawsuit and Plaintiffs' motion to enforce of March 4, 2013, and the Court's Order of May 21, 2013, later amended to be an Amended Judgment and Order on July 22, 2013, was in effect a modification of the final judgment of September 13, 2012, and was entered after the time for modification had elapsed.

[5] As the issue presented by Appellant concerns the trial court's ability to act after entering a judgment, we will use the term "jurisdiction." In *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 469 n.5 (Mo. banc 2011), our high court stated that it's "decision on subject matter jurisdiction in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009) does not affect the use of the term 'jurisdiction' in this case, which concerns whether jurisdiction is vested in the circuit court or the appellate court after the timely filing of an appeal or the expiration of the time for appeal." In *Spicer*, the Court found that "[t]o the extent that [the a]ppellant raises issues relating to orders or judgments entered after [the first judgment], the trial court was without jurisdiction to enter them and, therefore, those orders and judgments are void." *Id.* at 471.

7

Rule 75.01 provides, *inter alia*:

> The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor.

Rule 81.05 (a)(1) provides that "[a] judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." "Any motion for new trial and any motion to amend the judgment or opinion shall be filed not later than thirty days after the entry of judgment." Rule 78.04. If an after-trial motion is filed within that 30 day period, the period for the trial court's ruling "may be extended to ninety days" under Rule 81.05(a).[6] ***State ex rel. Abdullah v. Roldan***, 207 S.W.3d 642, 645 n.3 (Mo. App. W.D. 2006). Then, after the expiration of the 90-day time period, the judgment becomes final and the trial court lacks "the authority to modify it." ***Herrman***, 321 S.W.3d at 452. An amended judgment entered after the expiration of this time period "must be vacated." ***Id.***

Plaintiffs point us to ***Comm. for Educ. Equal. v. State***, 878 S.W.2d 446, 450-51 (Mo. banc 1994), and cases cited therein, as supporting the premise that "a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)."

---

[6] If an "authorized after-trial motion" is filed, then the judgment

becomes final at the earlier of the following:

|     |     |
| --- | --- |
| (A) | Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or |
| (B) | If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later. |

Rule 81.05(a)(2).

8

> A judgment which resolves fewer than all legal issues as to any single "claim for relief" is not final notwithstanding the trial judge's designation as such. Similarly, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b).

*Id.* at 450. In that case, "the plaintiffs made multiple claims [concerning state funding of school districts] even though the claims [were] not segregated into counts." *Id.* at 448, 451. While the trial court entered judgment as to three claims, it "specifically retained jurisdiction over those claims 'for the purpose of enforcing the judgment including, if needed, the grant of injunctive relief, the appointment of qualified educator(s) as master(s) or the utilization of such other equitable and legal powers as may be just and proper.'" *Id.* at 452. Under those circumstances, the Court found that "the circuit court did not dispose of all of the remedies sought as to any one claim for relief."[7] *Id.*

Plaintiffs argue that section 456.10-1001 provides for multiple remedies for the violation of a trustee's duty and that the original judgment did not address all of the possible remedies under the statute. The argument ignores the fact that the original judgment here was denominated as a judgment, and it incorporated a settlement agreement that stated, "All parties have reached the following agreement which covers *all issues* pending in the current litigation." (Emphasis added.) The petition sought the removal of Trustees and an accounting by a successor trustee. In contrast to that requested relief, Settlement provided that Appellant would provide the accounting, and the Trust would "make final distribution" and "deliver trust assets to [the] LLC" with the house being sold. The last paragraph of

---

[7] Plaintiffs also rely on *SD Invs., Inc. v. Michael–Paul, L.L.C.*, 157 S.W.3d 782, 786 (Mo. App. W.D. 2005), but the reviewing court in that case followed the principle that the trial court could enforce the original judgment as entered, but it could not alter, modify or change the original judgment in a subsequent judgment. The result was that the portion of the new judgment that served to enforce the original judgment was retained while language adding new obligations was removed by the exercise of the appellate court's discretion. *Id.* at 788.

Settlement also provided that it "*constitute*[*d*] *full and final settlement of the pending lawsuit*." (Emphasis added.)

And, while Mediator was designated to "break any deadlocks that may arise within the LLC in carrying out the terms of [Settlement,]" the trial court did not state that it was retaining jurisdiction in order to supervise Mediator or enforce any of Mediator's decisions. The original judgment also provided that the referenced LLC -- formed outside of Trust -- would receive all of Trust's assets. While the actions of the LLC could potentially give rise to a new cause of action by any appropriately offended party, that possibility is not inconsistent with the original judgment's determination that it provided a final resolution of the parties' current lawsuit.

Plaintiffs argue that the enforcement order "operated as a specific retention of jurisdiction over [Plaintiffs'] initial claims so that the [trial] court might address any of the additional remedies requested by Plaintiff[s] should the chosen remedy not be effective." We disagree.

Plaintiffs are correct to the extent that Rule 75.01 merely bars the trial court's ability to "alter, modify or change" a judgment; it does not prevent the trial court from enforcing a judgment *as originally rendered*. **Lake Thunderbird Prop. Owners Ass'n v. Lake Thunderbird, Inc.**, 680 S.W.2d 761, 763 (Mo. App. E.D. 1984) (emphasis added; internal quotation omitted).[8] But the power to enforce a judgment "has significant limitations." **SD Invs., Inc.**, 157 S.W.3d at 786.

---

[8] Subsequent to the **Lake Thunderbird** case, our high court adopted Rule 74.07 (effective date -- January 1, 1988), which provides:

> If a judgment directs a party to execute or deliver a deed or other document or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court, and the act when so done has like effect as if done by the party. On

For the following reasons, the enforcement order, entered in response to Plaintiffs' pre-judgment motion, did not alter or modify the original judgment so as to defeat its finality. Assuming, *arguendo*, that a motion filed *prior* to the entry of a judgment could nonetheless qualify as an authorized *post*-judgment motion, "we do not concern ourselves with the title of the pleading or with a party's citation to a particular Rule, but we look instead to the substance of the pleading." *Mo. Parks Ass'n.*, 316 S.W.3d at 382; *Berger v. Cameron Mut. Ins. Co.*, 173 S.W.3d 639, 640 (Mo. banc 2005) (the determination depends not on "the nomenclature employed by the parties, but [on] the actual relief requested in the motion").

Here, Plaintiffs did not request that the trial court either set aside or amend the original judgment after it was entered. Plaintiffs changed their initial objection to the approval of Settlement to a request that it be treated as a request for enforcement of Settlement if the trial court was inclined to approve Settlement instead of setting it aside. The trial court granted Plaintiffs' alternative request -- it approved Settlement and treated Plaintiffs' motion as a request to enforce the original judgment. A motion to enforce a judgment does not seek to set aside or alter its terms; it seeks to implement the judgment. *Cf. Lake Thunderbird Prop. Owners Ass'n, Inc*, 680 S.W.2d at 763 (holding that the trial court was barred from altering, modifying, or changing the judgment after the term for such has expired, but it could still enter an order enforcing the terms of the judgment as originally

application of the party entitled to performance, a writ of attachment or sequestration shall issue against the property of the disobedient party to compel obedience to the judgment. The court may also adjudge the party in contempt. If real or personal property is within the state, the court may enter a judgment divesting the title of any party and vesting it in others in lieu of directing a conveyance thereof, and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, a writ of possession may issue to put the party entitled into possession, or attachment or sequestration may issue.

11

entered).  As a result, Plaintiffs' motion, so treated, would not constitute an authorized post-trial motion that would operate to extend the trial court's authority under Rule 81.05.

The enforcement order did hold the "question of sanctions" in abeyance, and it also permitted the parties to bring motions regarding "any issue" "that cannot be so resolved [by Mediator]" to the trial court, but it did not specifically order that the Trust (which was directed to transfer all of its assets to the LLC under the terms of the original judgment) was subject "to continuing judicial supervision" under section 456.2-201.2.  Motions to enforce the original judgment could still be brought without the Trust being under the continuing supervision of the trial court.  And the statute provides that a trust is *not* subject to such supervision "*unless* ordered by the court."  Section 456.2-201.2 (emphasis added).  Even outside the statutory framework that specifically governs trusts, a trial court may not generally hold "in abeyance" what is otherwise a final judgment in order to address future contingencies.  *See Lacher v. Lacher*, 785 S.W.2d 78, 80-81 (Mo. banc 1990) (trial court could not hold an otherwise final dissolution judgment in abeyance pending failure of one party to perform under the judgment).

Plaintiffs next argue that

> [e]ven if we are to assume that the [original judgment] was a final judgment, the removal of [Appellant] as a trustee was permissible pursuant to the [trial] court's inherent power to enforce its own judgments.  That the trial court would not have authority to correct, amend, alter or modify this judgment does not end the consideration of the issues.

In support of this argument, Plaintiffs note that "Missouri courts of equity can retain a case for administrative purposes, and make orders to carry a decree into effect[,]" citing *Ball v. Peper Cotton Press Co.*, 121 S.W. 798, 805 (Mo. App. St.L.D. 1909).  We have no dispute with this declaration of the law as set forth in *Ball*, but we note that it is factually

distinguishable, even beyond the fact that it did not involve a trust. The trial court in the case at bar did not purport to retain its jurisdiction for administrative purposes, and the reviewing court in *Ball* found that no final judgment had been entered. 121 S.W. at 805 ("[t]he rights of these parties in the certificate of deposit cannot be settled presently by a final judgment").

As earlier noted, a trial court may enter an order to enforce its judgment provided it does not "alter, modify or change" the judgment. *Lake Thunderbird Prop. Owners Ass'n, Inc.*, 680 S.W.2d at 763. Here, the trial court's attempt to remove Trustees represented a change in the terms of the original judgment. Labeling the removal as a "sanction" does not alter the fact that the original judgment did exactly the opposite -- it denied Plaintiff's prayer to remove Trustees and retained them instead. As a result, the enforcement order did not constitute an "order[ ] to carry a decree into effect." *Ball*, 121 S.W. at 805.

The parties agreed (via Settlement) that the original judgment resolved all issues between them concerning their trust dispute. In the absence of an authorized post-trial motion, that judgment became final 30 days after it was entered. The original judgment was not amended during that 30 days as the enforcement order did nothing more than attempt to enforce the terms of the original judgment. As a result, the Amended Judgment, entered well after any modification of the original judgment remained permissible, is void. Point I is granted, and the case is remanded to the trial court, which is directed to vacate the Amended Judgment.

DON E. BURRELL, J. - OPINION AUTHOR

GARY W. LYNCH, J. - CONCURS

MARY W. SHEFFIELD, J. - CONCURS