MARY W. SHEFFIELD, P.J.
Jermaine Cortez Pate ("Movant") raises three points in appealing a judgment that denied his amended Rule 29.15 motion for post-conviction relief.[1] In point 1, he argues the case must be remanded with directions for the motion court to enter a prior judgment sustaining his amended motion for post-conviction relief. In points 2 and 3, he argues the motion court clearly erred in denying claims that Movant's trial counsel was constitutionally ineffective. For the reasons that follow, Movant's points are denied, and the motion court's judgment is affirmed.
Background
After a jury found Movant guilty of receiving stolen property-a video camera-valued at $500 or more, he was sentenced to seven years' imprisonment. Movant's conviction was affirmed on direct appeal in an unpublished opinion. State v. Pate , No. SD33086 (Mo. App. May 28, 2015) (per curiam ).
Movant filed a pro se and amended motion for post-conviction relief.[2] Movant and the State agreed to submit the amended motion for the court's consideration based on the underlying criminal case file, the deposition transcript of Movant's trial counsel, and the deposition transcript of Movant's appellate counsel "in lieu of a live evidentiary hearing." On March 21, 2016, the motion court issued a judgment granting the amended motion ("the first judgment"). On April 13, 2016, the State filed a "Motion to Vacate Judgment." On June 28, 2016, the motion court granted the State's "Motion to Vacate Judgment." On August 1, 2016, the motion court then entered a new judgment denying Movant's amended *422 Rule 29.15 motion ("the second judgment"). This appeal followed. Additional facts will be discussed below as necessary.
Discussion
Point 1-Control over the First Judgment
Movant's first point claims the motion court was "without authority to enter [the second judgment] because the time for filing an amended judgment had expired" by the time the motion court entered the second judgment. Movant therefore concludes that the second judgment "is a nullity and this case must be remanded with directions to reinstate" the first judgment.
"The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01. If no authorized after-trial motion is filed, the judgment becomes final at the expiration of thirty days after its entry. Rule 81.05(a)(1). If an authorized after-trial motion is timely filed, however, Rule 81.05(a)(2)(A) grants the trial court up to ninety days from the date the motion was filed to rule on the motion, after which the motion is deemed denied. Rule 81.05(a)(2)(A) and (B).
The combined effect of these Rules is to afford the trial court the authority to modify its judgment for any reason for good cause within thirty days of its entry, and the authority between the thirty-first and ninetieth day following entry of a judgment to modify its judgment to remediate a matter raised by a party in an authorized after-trial motion.
State ex rel. Missouri Parks Ass'n v. Missouri Dept. of Nat. Resources , 316 S.W.3d 375, 382 (Mo. App. W.D. 2010).[3]
"Missouri law authorizes the filing of several after-trial motions, including motions for new trial ... pursuant to ... Rule 78.04." Payne v. Markeson , 414 S.W.3d 530, 538 (Mo. App. W.D. 2013). "[A] motion for a new trial is an authorized after-trial motion that is 'directed toward errors of fact or law in the trial.' " State v. Carter , 202 S.W.3d 700, 705 (Mo. App. W.D. 2006) (quoting Taylor v. United Parcel Service, Inc. , 854 S.W.2d 390, 392 (Mo. banc 1993) ). A "motion to vacate" is not an authorized after-trial motion, but it may be considered as one depending on the relief requested. Lucious v. State , 460 S.W.3d 35, 38 (Mo. App. E.D. 2015). This is because "in evaluating whether a pleading is an authorized after-trial motion, we do not concern ourselves with the title of the pleading or with a party's citation to a particular Rule, but we look instead to the substance of the pleading." Missouri Parks Ass'n , 316 S.W.3d at 382. In other words, "Missouri courts have looked not to the nomenclature employed by the parties, but to the actual relief requested in the motion." Berger v. Cameron Mut. Ins. Co. , 173 S.W.3d 639, 641 (Mo. banc 2005).
Here, Movant's amended motion for post-conviction relief alleged that trial counsel was constitutionally ineffective for failing to raise certain objections. After the first judgment was entered sustaining the amended motion, the State timely filed a "Motion to Vacate Judgment" 23 days later asking the court to "reconsider and vacate" the first judgment for seven reasons. The first six reasons claimed, in various respects, that Movant had failed to carry his burden of proving that trial counsel's performance was constitutionally deficient *423 or that Movant was prejudiced by any such deficient performance.[4]
Because this motion raised errors of fact and law following a trial,[5] it is properly classified as a motion for new trial. See, e.g. , Est. of Downs v. Bugg , 348 S.W.3d 848, 852 n.3 (Mo. App. W.D. 2011) (a motion operates as a motion for a new trial where "it places before the trial court allegations of trial court error regarding contested legal or factual issues."); Crowder v. State , 191 S.W.3d 99, 101 (Mo. App. S.D. 2006) ("Motion to Reconsider Judgment" was "treated as a motion for new trial pursuant to Rule 81.05" because it asserted "the trial court committed errors of law in dismissing movant's Rule 29.15 motion."). Moreover, the motion court treated the State's "Motion to Vacate Judgment" as a motion for new trial, which it granted on June 28, 2016-76 days after the State's after-trial motion was filed-in the following docket entry:
Motion Hearing Held[6 ]
Cause called. Movant appears by PD Cinda Eichler by telephone [sic]. State appears by Crawford County Prosecuting Attorney, Kent Howald. State's Motion to Vacate taken up, argued and sustained over Movant's strenuous objection. Ordered that the [first judgment] is hereby set aside and held for naught. The matter is taken under advisement.
Movant's argument to the contrary fails because it misstates the record. Movant asserts that the June 28 docket entry "simply provided notice that the court was going to take the case under advisement to review and reconsider [the first] judgment and possibly amend the [first] judgment at some future date[.]" Here, the motion court set aside the first judgment and "held it for naught." The "matter taken under advisement" was on the merits of the amended motion.
For the same reason, Movant's reliance on In re Marriage of Noles , 343 S.W.3d 2 (Mo. App. S.D. 2011) -where one party ("Father") had filed an after-trial motion that sought recalculation of a child support award included in a judgment dissolving his marriage-is misplaced. Id. at 4. Within 90 days of Father's after-trial motion being filed, the trial court made a docket entry and sent a letter to counsel announcing its intention to amend the judgment in the future, and requesting that Father prepare a proposed amended judgment reflecting the requested change but leaving all other aspects of the judgment untouched. Id. at 4-5. The appellate court, however, determined that the letter and *424 docket entry were only interlocutory because they "simply provided notice that the trial court intended to amend the judgment at some future date." Id. at 8-9. Moreover, because the trial court did not actually enter an amended judgment within 90 days of Father's after-trial motion being filed, the after-trial motion was denied by operation of law on the 91st day after the motion was filed. Id. at 9.
Here, unlike Noles , the State's after-trial motion asked the motion court to "reconsider and vacate" the entire first judgment, and the motion court did vacate the first judgment. Thus, the relief requested in the State's after-trial motion was unequivocally granted by the motion court within 90 days of the motion's filing.[7] At that point, no further action remained to be taken on the State's after-trial motion, and, with the first judgment vacated, there was no time constraint within which the motion court had to reconsider the submitted evidence and enter a new judgment. Point one is denied.
Points 2 and 3-Ineffective Assistance of Trial Counsel
We address points 2 and 3 together because they raise similar issues and fail for the same reason-Movant has not shown that the motion court's lack-of-prejudice finding was clearly erroneous.
Movant's amended motion for post-conviction relief alleged that trial counsel was constitutionally ineffective for failing to object at trial to admission of evidence of the stolen video camera found in Movant's possession and to Movant's statements made to police on the ground that each had been taken "in violation of Movant's Fourth Amendment right to be free from unreasonable searches and seizures[.]" The arguments had been raised in a pre-trial motion to suppress, which was denied by the trial court following a hearing. Movant nevertheless claimed that an objection at trial with the additional evidence developed at trial would have been meritorious.[8] The motion court's second judgment denied Movant's post-conviction relief motion, finding that the trial court's initial ruling denying the motions to suppress was correct; that the trial court would not have made a different ruling if additional objections had been raised at trial; and that Movant had failed to prove that "but for the alleged deficiencies of his attorney, a reasonable probability exists that the outcome of the trial would have been different." Movant now challenges the motion court's findings in two points on appeal. Point 2 relates to evidence of the video camera, while point 3 relates to evidence of Movant's statements.
"Trial counsel is granted vast latitude and judgment about whether or when to make objections." Greer v. State , 406 S.W.3d 100, 105 (Mo. App. E.D. 2013). "It is presumed that counsel is effective and that the burden is on the movant to show otherwise." Forrest v. State , 290 S.W.3d 704, 708 (Mo. banc 2009). Movant has the burden to prove that: "(1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) his defense was prejudiced as a result of that deficiency."
*425 Hardy v. State , 387 S.W.3d 394, 400 (Mo. App. S.D. 2012) (citing Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). The prejudice necessary to succeed on a claim of ineffective assistance of counsel is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland , 466 U.S. at 694, 104 S.Ct. 2052.
On appeal, "we view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment." Hardy , 387 S.W.3d at 399. This Court reviews the motion court's findings and conclusions only for clear error. Rule 29.15(k). The motion court's findings and conclusions are presumed correct; we will find clear error only where a review of the entire record leaves a definite and firm impression that a mistake has been made. Hardy , 387 S.W.3d at 399. This Court need not address both prongs of Strickland if the movant has failed to make a sufficient showing on either prong. Taylor v. State , 382 S.W.3d 78, 81 (Mo. banc 2012). "If the ineffectiveness claim can be disposed of because of lack of sufficient prejudice, that course should be followed." Id.
Movant's prejudice argument under point 2 is contained in one sentence, which claims that "but for trial counsel's failure to renew the motion to suppress evidence and failure to object to evidence of the seized camera at trial, a reasonable probability exists that the outcome of [Movant]'s trial ... would have been different." His prejudice argument under point 3 is identical aside from replacing "the seized camera" with "[Movant]'s statements[.]"[9] These are mere conclusions which make no effort to examine what the evidentiary landscape at Movant's trial would have been absent the aforementioned evidence. Absent such argument or analysis, which we cannot supply for Movant at the risk of becoming his advocate, see White v. State , 192 S.W.3d 487, 490 (Mo. App. S.D. 2006) (it is not this Court's duty to become an advocate on behalf of a movant or to scour the record for error), and after our review of the entire record, we are not left with a definite and firm impression that the motion court made a mistake in reaching its failure-to-prove-prejudice conclusion. See Hardy , 387 S.W.3d at 399. This conclusion is not clearly erroneous and supports the motion court's denial of Movant's amended motion. See Taylor , 382 S.W.3d at 83.[10]
Points 2 and 3 are denied.
Decision
The motion court's judgment is affirmed.
GARY W. LYNCH, J.-CONCURS
DON E. BURRELL, J.-CONCURS

All rule references are to Missouri Court Rules (2015).

Pursuant to Moore v. State , 458 S.W.3d 822, 825 (Mo. banc 2015), this Court must examine whether the motion for post-conviction relief was timely filed even if the issue is not raised by the parties. Because Movant filed a direct appeal, his pro se motion was due within 90 days from the date the mandate was issued in his direct appeal. See Rule 29.15(b). The mandate in Movant's direct appeal was issued on June 15, 2015, and Movant filed his pro se motion for post-conviction relief 28 days later on July 13, 2015. Thus, Movant's pro se motion was timely filed. Given the circumstances of this case, the amended motion originally had to be filed within 60 days of "the date both the mandate of the appellate court is issued and counsel is appointed[.]" See Rule 29.15(g). Post-conviction counsel was appointed on July 22, 2015. The motion court subsequently granted a 30-day extension of time in which to file the amended motion. Thus, Movant's amended motion had to be filed within 90 days of July 22, 2015. See id. Movant's amended motion, filed 89 days thereafter on October 19, 2015, was timely.

Rules 75.01 and 81.05 have been applied in the context of post-conviction review. Thomas v. State , 180 S.W.3d 50, 53-54 (Mo. App. S.D. 2005).

The seventh reason asked the court to dismiss the case because "Movant's Amended Motion under Rule 29.15 was not timely filed." As noted above, this assertion is incorrect, and the State has rightfully abandoned the claim on appeal.

That the amended motion was submitted on depositions and underlying case files, rather than a "live" evidentiary hearing is immaterial in deciding whether to treat the "Motion to Vacate Judgment" as a motion for new trial. For example, in Taylor , 854 S.W.2d at 392-93, the Court ruled that for purposes of the rules of civil procedure, a summary judgment proceeding is a "trial," because it results in "a judicial examination and determination of the issues between the parties." Consequently, the Court held that a "Motion to Reconsider the Order of the Court Granting Defendant's Motion for Summary Judgment" was appropriately treated as a motion for new trial "despite its odd style" because it alleged that the circuit court committed an error of law. Id. ; State ex rel. Boyer v. Perigo , 979 S.W.2d 953, 956 (Mo. App. S.D. 1998). Similarly, there was a "trial" here because the motion court's review of the depositions and criminal case files when ruling on the amended motion resulted in "a judicial examination and determination of the issues between the parties."

No transcript of this hearing has been filed with this Court.

A motion for new trial may generally be ruled on by order. See Rules 78.01 and 78.03; Noles , 343 S.W.3d at 9. Movant makes no argument as to the grounds on which the motion court granted the State's after-trial motion.

Trial counsel testified via deposition that he did not remember any specific reason why he did not object at trial; he could not remember whether it was a strategic decision or an oversight.

Movant also claims trial counsel was ineffective for failing to preserve the issues for appellate review. Such claims are "not cognizable under Rule 29.15." McCoy v. State , 431 S.W.3d 517, 523 (Mo. App. E.D. 2014). "Instead, post-conviction relief for ineffective assistance of counsel is limited to errors that prejudiced the defendant by denying him a fair trial."Strong v. State , 263 S.W.3d 636, 646 (Mo. banc 2008).

We briefly note that Movant's deficient-performance arguments improperly rely on evidence and inferences contrary to the judgment at the expense of opposing evidence and inferences supporting the judgment. See Hardy , 387 S.W.3d at 399. Viewing the facts under the proper standard of review, it is evident that no clear error exists in the motion court's finding that any such objections would have been overruled. Defense counsel will not be found to have rendered ineffective assistance of counsel "for failing to make non-meritorious objections." McLaughlin v. State , 378 S.W.3d 328, 357 (Mo. banc 2012).